UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) ) | Criminal No. 00-426 (RCL) |
| JOHN HAIRE, | ) ) | |
| Defendant. | ) ) ) | |

## MEMORANDUM OPINION

Before the Court is defendant Haire's motion [190], seeking a sentence reduction under 18 U.S.C. § 3582(c)(2) and based upon the retroactive application of Amendment 782 to the U.S. Sentencing Guidelines. After considering the motion, the entire record herein, and the applicable law, the Court will GRANT defendant Haire's motion, reducing his prison sentence to time served effective November 1, 2015.

## BACKGROUND

On October 22, 2001, a jury found defendant Haire guilty of one count of Conspiracy to Distribute and Possess with Intent to Distribute Five Kilograms or More of Cocaine and one count of Conspiracy to Import Five Kilograms or More of Cocaine. After receiving a sentencing enhancement for possessing a dangerous weapon in connection with the offense, Judge James Robertson sentenced defendant Haire to 240 months, with credit for time served, in federal prison beginning January 25, 2002.

On April 30, 2014, the U.S. Sentencing Commission submitted to Congress Amendment 782 of the U.S. Sentencing Guidelines, proposing a downward revision to the applicable

sentencing ranges for drug trafficking offenses. The Commission then passed Amendment 788 to allow Amendment 782's revisions to be applied retroactively. On November 1, 2014, Amendment 782 and its retroactive application became effective; however, the Commission has required that any sentence reduction based on these amendments not take effect until November 1, 2015.

## DISCUSSION

To grant a motion for a sentence reduction under 18 U.S.C. § 3582(c)(2), two conditions must be separately met: the prisoner must be eligible for the requested reduction and early release must be "warranted." *Dillon v. United States*, 560 U.S. 817, 827 (2010). In this case, Amendment 782's retroactive application makes defendant Haire eligible for early release, clearing the statute's first hurdle and authorizing his release as soon as November 1, 2015.

In addition to his eligibility, defendant Haire's reduced sentence is also warranted. In determining if a sentence reduction is warranted, § 3582(c)(2) instructs courts to consider the applicable 18 U.S.C. § 3553(a) factors. *Id.* at 827. The first § 3553(a) factor, the "nature and circumstances of the offense and the history and characteristics of the defendant" has a mixed impact on this inquiry. 18 U.S.C. § 3553(a)(1). On one hand, defendant Haire on his own initiative traveled abroad to procure and import kilograms of cocaine. PSR ¶¶ 7-9, Jan. 7, 2002. Moreover, guns were used in connection with the underlying crime, which resulted in a two-level sentence enhancement. Needless to say, these two facts weigh against a finding that early release is warranted. On the other hand, "no role adjustments [were] warranted," meaning defendant Haire did not manage or supervise anyone in connection with his drug trafficking crimes. *Id.* at 17. Indeed, he acted with relative independence in what was a "loosely-based" drug network, not a sophisticated or well-organized criminal enterprise. *Id.*

Next, the Court finds the second § 3553(a) factor, the need for the sentence imposed, weighs in favor of a finding that early release is warranted. Upon his release, defendant Haire will be sixty-seven years old and will have spent close to fourteen years in federal prison. Due largely to his age, the Court finds that the length of defendant Haire's prison sentence is sufficient to "reflect the seriousness of the offense, . . . afford adequate deterrence to future criminal conduct, [and] protect the public from future crimes of the defendant . . . ." 18 U.S.C. § 3553(a)(2)(A)-(C). Moreover, with respect to protecting the public, defendant Haire will benefit from the support of a loving family, many of whom have written to the Court to request his early release. Notice of Filing, ECF No. 193. For example, defendant Haire's son detailed the difficulties associated with his father's absence and expressed his strong wish for their family to be reunited. ECF No. 193-1, at 1. Defendant Haire's daughter and son-in-law are also eager for him to "return to his family," *id.*, at 3, and stand ready to have their "Dad by [their] side." *Id.* at 2. This familial support will foster an environment of stability and make it less likely defendant Haire will return to a life of crime.

Further, the sixth § 3553(a) factor, the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, favors a finding that the reduction is warranted. The Supreme Court has never squarely ruled on how this factor applies in a post-sentence reduction hearing, as opposed to the initial sentencing. There are two options: courts could draw comparisons between the defendant and other current prisoners seeking similar sentence reductions under § 3582(c)(2) or between the defendant and those sentenced after the reduced guideline ranges have become effective. It seems the latter approach would render § 3553(a)(6) altogether one sided and consequently superfluous in the context of § 3582(c)(2); any defendant seeking early release pursuant to the retroactive application of a

guidelines reduction would be serving a longer sentence on average than those first sentenced in the wake of the revised and reduced guidelines. It is more sensible that in the present context, the "unwarranted sentencing disparities" refer to comparisons between the defendant and other prisoners currently seeking similar reductions under Amendments 782 and 788. *See, e.g., United States v. Carter*, 541 Fed. Appx. 957, 961 (11th Cir. 2013) (ruling that when considering "unwarranted sentencing disparities," defendants "seeking a sentence reduction under § 3582(c)(2)" should be compared against other defendants seeking similar reductions, not against those being sentenced for the first time under revised guidelines). Therefore, because as of the Sentencing Commission's August 2015 report, 76 percent of early release motions filed in connection with Amendment 782 and 788 had been granted—and 100 percent had been granted in the District of Columbia—granting defendant Haire's motion avoids an unwarranted sentence disparity and favors early release. *See* U.S. Sentencing Comm'n, 2014 Drug Guidelines Amendment Retroactivity Data Report 4, tbl. 1 (August 2015), *available at* http://www.ussc.gov/sites/default/files/pdf/research-and-publications/retroactivity-analyses/drug-guidelines-amendment/20150817-Drug-Retro-Analysis.pdf.

In addition to the § 3553(a) factors, courts must consider "the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment" when determining if a reduction is warranted. U.S.S.G. § 1B1.10 cmt. n. 1(B)(ii). In this case, as stated, defendant Haire will be sixty-seven years old, and with the exception of the guns he used in connection with his drug trafficking conspiracy, there is nothing in his record to suggest that he is a violent or vindictive person. Moreover, the demonstrated support of defendant Haire's caring family further favors the Court's finding that his early release does not pose a threat to any person or the community at large.

5

Lastly, § 1B1.10 permits courts to consider defendant's post-conviction conduct—a consideration that supports the Court's central conclusion. Such post-sentencing conduct also "sheds light" on the concerns expressed in § 3553(a)(2)(B)-(C), factors that courts must consider when determining if a sentence reduction is warranted. *Pepper v. United States*, 562 U.S. 476, 478 (2011). Defendant Haire has been an ideal inmate, with only one disciplinary infraction in fourteen years for using mail without authorization. Moreover, he has completed an impressive number of educational and vocational courses and successfully enrolled in a drug abuse program. After finding defendant's Haire requested sentence reduction is authorized and warranted under § 3582(c)(2), defendant's motion is GRANTED.

A separate Order consistent with this Memorandum Opinion shall issue on this date of September 30, 2015.

Royce C. Lamberth
United States District Judge